IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MICHAEL ROTHSTEIN and ROMAINE
ROTHSTEIN,

3:14-CV-1102-PK

OPINION AND
ORDER

Plaintiffs,

v.

BAYVIEW LOAN SERVICING, LLC,

Defendant.

PAPAK, Magistrate Judge:

Plaintiffs Michael Rothstein ("Michael") and Romaine Rothstein ("Romaine" and,

collectively with Michael, the "Rothsteins") brought this action against defendant Bayview Loan

Servicing, LLC ("Bayview"), in the Multnomah County Circuit Court on June 5, 2014. Bayview

removed the action to this court effective July 10, 2014. The Rothsteins amended their

complaint in this court effective October 24, 2014. By and through their amended complaint, the

Rothsteins alleged Baview's liability for violation of Oregon's Unlawful Trade Practices Act (Or.

Rev. Stat. 646.605 *et seq.*), violation of the federal Fair Debt Collections Practices Act (15

U.S.C. § 1692 *et seq.*), breach of contract in violation of Oregon common law, and negligent

Page 1 - OPINION AND ORDER

misrepresentation in violation of Oregon common law.  On January 9, 2015, I recommended that

the Rothsteins' common-law claims of negligent misrepresentation and breach of contract should

be dismissed with prejudice, and effective March 10, 2015, Judge Brown adopted that

recommendation without modification.  This court has federal-question jurisdiction over the

Rothsteins' Fair Debt Collections Practices Act ("FDCPA") claim pursuant to 28 U.S.C. § 1331,

and may properly exercise supplemental jurisdiction over plaintiffs' state-law Unlawful Trade

Practices Act ("UTPA") claim pursuant to 28 U.S.C. § 1367.

Now before the court is the Rothsteins' motion (#26) to compel Bayview to produce

documents in discovery.  I have considered the motion and all of the pleadings and papers on file.

For the reasons set forth below, the Rothsteins' motion is granted as discussed below.

**LEGAL STANDARDS**

**I.      Scope of Permissible Discovery, Generally**

Federal Civil Procedure Rule 26(b)(1) provides that "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense – including the

existence, description, nature, custody, condition, and location of any documents or other

tangible things and the identity and location of persons who know of any discoverable matter."

Fed. R. Civ. P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible

at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

evidence."  *Id.*  However, the district courts should limit the scope of discovery under specified

circumstances, as follows:

> On motion or on its own, the court must limit the frequency or extent of discovery
> otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

## II.    Motion to Compel

As noted above, Federal Civil Procedure Rule 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Rule 26(b)(1) is to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case. *See, e.g.,* *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 351 n. 12 (1978).

If a party elects to oppose a propounding party's discovery requests, the opposing party bears the burden of establishing that the discovery is overly broad, unduly burdensome or not relevant. *See Graham v. Casey's General Stores,* 206 F.R.D. 251, 253-4 (S.D. Ind. 2000). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Assoc.,* 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also Farber and Partners, Inc. v. Garber,* 234 F.R.D. 186 (C.D. Cal. 2006).

Federal Civil Procedure Rule 37(a)(3)(B) empowers a propounding party to "move for an order compelling an answer, designation, production, or inspection" if:

(i) a deponent fails to answer a question asked under Rules 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33, or

(iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Fed. R. Civ. Pro. 37(a)(3)(B).  Moreover, Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).  Rule 26 provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. Pro. 26(b)(1).

## FACTUAL BACKGROUND

### I.    The Parties

Plaintiffs Michael and Romaine are residents of Washington County, Oregon.  Defendant Bayview is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Coral Gables, Florida.

### II.    The Rothsteins' Allegations Regarding the Parties' Dispute[1]

In August 2006 the Rothsteins purchased a residential property located at 1352 Evah Lane in West Linn, Oregon (the "property").  In connection with their purchase of the property, the Rothsteins entered into two mortgage loans with Bank of America, each secured by a Trust Deed for the property.

In or around August 2009, the Rothsteins stopped making monthly payments on both Bank of America loans.  In early 2011, Bank of America advised the Rothsteins that the property

---

[1] Except where otherwise indicated, the following is intended as a recitation of the allegations of the Rothsteins' complaint, and is not intended to constitute findings of fact.

Page 4 - OPINION AND ORDER

would be sold at a public foreclosure sale.  The Rothsteins filed for Chapter 7 bankruptcy in June 2011, and in December 2011, the Bankruptcy Court granted a discharge absolving the Rothsteins of personal liability on each of the two defaulted loans.

In 2012, Bank of America transferred the "servicing" of the senior loan to Bayview and the servicing of the junior loan to third party Real Time Resolutions.  At some time in 2012, Bayview initiated discussions with the Rothsteins regarding the possibility of avoiding foreclosure proceedings through transfer of the Rothsteins' interest in the property to Bayview (a type of transaction referred to by the parties as a "deed in lieu of foreclosure" or more briefly as a "deed in lieu").

From late 2012 through late 2013, Michael negotiated with Bayview representatives regarding the terms of the proposed transfer.  In late 2013, a Bayview representative orally advised Michael that "the deed in lieu was approved," and that Bayview would pay the Rothsteins $8,500 in exchange for their execution of the transfer documents.  Subsequently, a different Bayview representative advised Michael that Bayview would pay only $2,000 in exchange for the transfer.  The Rothsteins then requested that the proposed arrangement be memorialized in a writing, but Bayview sent them only "mortgage assistance request forms" by and through which Bayview requested information about the Rothsteins' financial status.  The Rothsteins did not fill out or return the forms.

From July to December 2013, Bayview sent the Rothsteins a total of eight letters indicating that Bayview was negotiating the terms of a deed-in-lieu transfer with Real Time Resolutions (the junior loan servicer).  Notwithstanding that repeated representation, Bayview did not, in fact, at any time contact Real Time Resolutions regarding the proposed transfer of

interest.  Moreover, Bayview has continued to send the Rothsteins monthly billing statements in

connection with the senior mortgage loan on the property, notwithstanding the bankruptcy

discharge of December 2011.  The parties never executed documents effecting a deed-in-lieu

transfer of the Rothsteins' interest in the property to Bayview.

## II.    Material Procedural History

On February 4, 2015, the Rothsteins served Bayview with a set of requests for production

of documents.  Bayview responded to the Rothsteins' requests on March 10, 2015, objecting to

each request but agreeing to produce documents responsive to all but two of them.  The parties

conferred regarding Bayview's objections to the Rothsteins' requests, without success in resolving

the dispute over the two requests as to which Bayview refused to produce documents.  This

motion followed.

## ANALYSIS

The Rothsteins challenge Bayview's refusal to provide documents in response to their

Requests for Production Nos. 4 and 5.  Those requests, and Bayview's responses thereto, are set

forth below.

> **REQUEST FOR PRODUCTION NO. 4:**  A documented copy of all versions of
> [Bayview's] company policies for the years 2011, 2012, and 2013 concerning
> agreements, offers, arrangements, or otherwise concerning deeds in lieu of
> foreclosure transactions for loans [Bayview] service[s].
>
> **RESPONSE:**  Defendant objects to this request as overbroad, unduly
> burdensome, not reasonably limited in time and scope, and not reasonably
> calculated to lead to the discovery of admissible evidence.  Defendant further
> objects on the grounds that the request is vague and ambiguous as to "documented
> copy of all versions" and reference to "otherwise," and that the request potentially
> seeks proprietary information and/or attorney client privileged information.
>
> **REQUEST FOR PRODUCTION NO. 5:**  A documented copy of all versions of

[Bayview's] policies for the years 2011, 2012, and 2013 that were implemented to avoid violations of the FDCPA and the procedures adopted to avoid such violations, as referenced in [Bayview's] Sixth Affirmative Defense[2] in [its] Answer and Affirmative Defenses filed August 18, 2014.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that the request is vague as to "documented copy of all versions" and ambiguous and vague as to the types of policies Plaintiffs are requesting. Further, Defendant objects on the grounds that the request potentially seeks proprietary information and/or attorney client privileged information.

(Footnote supplied.)

The Rothsteins take the position that they are entitled to production of documents responsive to both disputed requests because such documents "will shed light on whether Defendant's conduct was proper as compared to its own policies or not" and because documents responsive to the requests "relate directly to the heart of the Complaint's allegations – namely, whether Defendant engaged in unlawful trade practices and debt collection practices." As to Bayview's objections to both requests based on "proprietary information and/or attorney client privileged information," the Rothsteins argue that responsive documents are highly unlikely to contain proprietary information or be subject to the attorney-client privilege, in that such documents are written company policies rather than compilations of trade secrets or communications made in confidence for the purpose of seeking legal advice.

Specifically as to Request for Production No. 4, the Rothsteins argue that the request is not unduly burdensome in that it is unlikely that Bayview has a large number of policies or

---

[2] Bayview's sixth affirmative defense is as follows: "Defendant has no civil liability under the FDCPA, 15 U.S.C. § 1692, *et seq.* pursuant to 15 U.S.C. § 1692k(c) as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation."

Page 7 - OPINION AND ORDER

voluminous policies specifically relating to the narrow topic of "deeds in lieu of foreclosure transactions." The Rothsteins further argue that Bayview's objection based on vagueness and ambiguity is misplaced in that the Rothsteins have specified that "all versions" refers only to current and superceded officially promulgated or adopted versions of written policies rather than to draft policies that were not finalized and adopted or promulgated. The Rothsteins do not, by and through their memorandum in support of their motion to compel, address Bayview's objections based on the purported vagueness or ambiguity of the reference to "otherwise" or based on the purported failure to limit the request in time and scope.

Bayview takes the position that Request for Production No. 4 is vague, overbroad and not reasonably limited in time or scope because it purportedly "will potentially cover all policies regarding any communications with borrowers, including former policies and drafts of policies" and "documents that were never adopted into policy and are protected by attorney-client privilege." Bayview also challenges the Rothsteins' assertion of the clear relevance of responsive documents, arguing that what is at issue here is whether Bayview's conduct was lawful with respect to the FDCPA and the UTPA, and not whether its conduct conformed with its own policies. Finally, Bayview asserts that its policies regarding deed-in-lieu transactions are confidential and proprietary.

Bayview's positions regarding Request for Production No. 4 are disingenuous. First, while I agree with Bayview that the narrow question of Bayview's liability will turn on whether Bayview's actual conduct was lawful with respect to the FDCPA and/or the UTPA rather than on the content of its policies, under Federal Civil Procedure Rule 26(b)(1), the standard of discoverability is not whether documents are themselves material or admissible as evidence, but

rather whether they contain information reasonably calculated to lead to the discovery of admissible evidence. Analysis of Bayview's policies specifically addressing deed-in-lieu transactions, if any such exist, is reasonably calculated to guide further discovery by the Rothsteins regarding the conduct of Bayview's employees and agents in connection with their negotiations with the Rothsteins. Second, in light of the Rothsteins' express position that it seeks only current and superceded officially promulgated or adopted versions of written policies specifically relating to the narrow topic of "deeds in lieu of foreclosure transactions," Bayview's suggestion that it could be required to produce draft policies that were never implemented, or all policies relating to communications with borrowers, is without basis. I agree with the Rothsteins that responsive documents are highly unlikely to contain proprietary or confidential information, and indeed find that to the extent they may contain such information, Bayview has not met its burden to establish the likelihood that its objection based on proprietary or confidential information is well taken. I further agree with the Rothsteins that the request is not overbroad, unduly burdensome, or vague, and moreover find that the express limitation of the request for policies effective in the years 2011, 2012, and 2013 and specifically relating to deeds in lieu of foreclosure transactions constitutes a reasonable limitation in both time and scope.

For the foregoing reasons, the Rothsteins' motion is granted as to Request for Production No. 4, and Bayview is ordered to produce responsive, non-privileged documents within its possession and control within fourteen days of the date hereof. Specifically, Bayview is ordered to produce non-privileged documents constituting or containing its finalized policies governing or relating with express particularity to deed-in-lieu transactions, to the extent such policies were finalized and promulgated, implemented, or adopted by Bayview and constituted Bayview policy

Page 9 - OPINION AND ORDER

at any time during 2011, 2012, or 2013.

Specifically as to Request for Production No. 5, the Rothsteins argue that Bayview's objection as to vagueness and/or ambiguity is not well taken in light of the fact that the request is expressly limited to the policies Bayview has affirmatively relied upon in its sixth enumerated affirmative defense to the Rothstein's claims against it.  The Rothsteins do not otherwise address Bayview's objections based on burden, breadth, limitation in time and scope, or relevance.

Bayview takes the position that Request for Production No. 5 is overbroad in the extreme, in that it purportedly "will potentially require production of every policy Bayview has regarding affirmative conduct of its employees, as any policy concerning interaction with borrowers or the handling of borrowers' loans could potentially be a procedure that assists Bayview employees in avoiding FDCPA violations."  Bayview further takes the position that the request is not reasonably limited in scope in that it purportedly "is not limited to policies distributed to employees who had contact with plaintiff."  Bayview argues that even if the request were narrowly tailored it would not be reasonably calculated to lead to the discovery of admissible evidence because, again, what is at issue here is whether Bayview's conduct was lawful with respect to the FDCPA and not whether its conduct conformed with its own policies.  Finally, Bayview argues that it should not be required to produce responsive documents because the Rothsteins "ha[ve] not stated a claim for violations of the FDCPA. . . [and] could not state such a claim."

Again, Bayview's positions in connection with Request for Production No. 5 are disingenuous.  First, because the request is expressly limited to precisely the documents upon which Bayview affirmatively relies by and through its sixth enumerated affirmative defense,

Page 10 - OPINION AND ORDER

responsive documents are of clear and direct relevance to Bayview's defenses, and the request is precisely tailored to those specific documents. Second, Bayview's argument that responsive documents are not discoverable because the claim in connection with which they are relevant is potentially subject to dismissal is wholly unavailing. That claim is pending and at issue at this time, and I note (as discussed above) that Bayview has already filed a motion to dismiss in this action, in connection with which it elected *not* to move against the Rothsteins' FDCPA claim. The possibility that Bayview might file a new motion to dismiss at some time in the future is without bearing on the current discoverability of the documents at issue in connection with Request for Production No. 5. I agree with the Rothsteins that responsive documents are highly unlikely to contain proprietary or confidential information, and again find that to the extent they may contain such information, Bayview has not met its burden to establish the likelihood that its objection based on proprietary or confidential information is well taken.

For the foregoing reasons, the Rothsteins' motion is granted as to Request for Production No. 5, and Bayview is ordered to produce responsive, non-privileged documents within its possession and control within fourteen days of the date hereof. Specifically, Bayview is ordered to produce non-privileged documents constituting or containing the policies upon which Bayview affirmatively relies in connection with its sixth enumerated affirmative defense.

To the extent Bayview withholds documents from production on the basis of privilege, it shall provide the Rothsteins with a privilege log describing each such document, its contents, the date on which it was created, the identity of its author, the privilege pursuant to which it is withheld from production, and Bayview's basis for asserting such privilege in sufficient detail to permit the Rothsteins and/or the court fairly to evaluate the merits of the assertion.

Page 11 - OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, the Rothsteins' motion (#26) to compel production of documents is granted, and Bayview is ordered to produce non-privileged, responsive documents as discussed above within fourteen days of the date hereof, together with a detailed privilege log as discussed above in the event it withholds any documents from production on the basis of privilege.

Dated this 27th day of April, 2015.

Honorable Paul Papak
United States Magistrate Judge

Page 12 - OPINION AND ORDER